**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**WILLIAM R. WEBSTER,**

               **Petitioner,**

      v.                                       **CASE NO. 22-3034-SAC**

**STATE OF KANSAS[1],**

               **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner has sought leave to proceed in forma pauperis (IFP) (Docs. 5 and 7), which is granted. The Court has also conducted an initial review of the petition[2] under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and will direct Petitioner to show cause why this action should not be dismissed as untimely and for failure to exhaust state-court remedies.

**Background**

In 2015, based upon his guilty plea, Petitioner was sentenced

---

[1] Petitioner has named the State of Kansas as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Shannon Meyer, the current warden of Lansing Correctional Facility where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

[2] After electronically submitting his petition (Doc. 1), Petitioner submitted by mail the signed original copy of the petition (Doc. 3). Because the two documents are substantively identical, this notice and order to show cause only cites to the initial petition, filed on February 21, 2022. (Doc. 1.)

by a Kansas state district court to a prison term for trafficking contraband in a corrections institution and possession of marijuana. (Doc. 1, p. 1.) Petitioner filed his federal habeas petition on February 21, 2022. *Id.* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to undertake a preliminary review of the petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." *See* Rule 4. The Court has conducted the required review and identified the following reasons this matter is subject to summary dismissal.

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim

>  or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The limitation period begins to run the day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011).

Petitioner was sentenced on January 5, 2015. He could not pursue a direct appeal from his convictions because they were based on a plea of guilty or no contest. *See State v. Key*, 298 Kan. 315, 321 (2013) ("A guilty or no contest plea surrenders a criminal defendant's right to appeal his or her *conviction* but not his or her *sentence*."); K.S.A. 22-3602(a). Had he chosen to appeal his sentences, however, he had 14 days in which to do so. *See* K.S.A. 22-3608(c) ("For crimes committed on or after July 1, 1993, the defendant shall have 14 days after the judgment of the district court to appeal."). That time expired on or about January 20, 2015 and the one-year federal habeas limitation period began to run. It expired approximately one year later, on January 20, 2016. Petitioner did not file his federal habeas petition until 2022. Thus, it appears that the petition currently before the Court is not timely and is subject to dismissal.

In his petition, Petitioner asserts that the time limit should not apply because his convictions and sentence are illegal. (Doc. 1, p. 9.) Petitioner also asserts that the time limit should not apply because his plea was coerced and the charges were based on insufficient evidence. *Id.* at 13. There is no general exception to

the federal habeas statute of limitations for "illegal" sentences, nor is there an exception for coerced pleas or convictions obtained on legally insufficient evidence.

There are, however, other circumstances in which the federal habeas statute of limitations may be tolled or exceptions may be applied. First, the statute contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Second, the one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Third, there is an exception to the one-year time limitation

because of actual innocence. Despite its title, to obtain this exception, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

As explained above, this matter appears untimely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable or statutory tolling or unless Petitioner can establish that the actual innocence exception to the time limitation applies. The Court directs Petitioner to show cause why this matter should not be dismissed as untimely. Even if Petitioner demonstrates that the petition is not time-barred, however, he must also explain why this matter should not be dismissed without prejudice so that he may pursue and exhaust available state-court remedies.

**Exhaustion**

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to

protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement exists to "give state courts a fair opportunity to act on [a petitioner's] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas Court of Appeals and that court must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

To his credit, Petitioner concedes that he has not pursued state-court remedies. (Doc. 1, p. 11.) He appears to contend that the "illegality of the sentence" excuses him from the exhaustion requirement. *Id.* As with the timeliness requirement, however, there is no general exception to the exhaustion requirement for sentences that are allegedly illegal.

"Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted). Although this Court cannot provide legal advice and will not opine on the potential success of any state-court proceedings, it appears that Petitioner may have avenues for relief in state court. K.S.A. 22-3504 provides that "[t]he court may correct an illegal sentence at

any time while the defendant is serving such sentence." K.S.A. 22-3210 establishes the circumstances under which an individual may file a motion to withdraw a plea of guilty or no contest. It does not appear from the current federal petition that Petitioner has pursued state-court relief under either of these statutes.

Petitioner is therefore directed to show cause, in writing, why this matter should not be dismissed without prejudice for failure to exhaust available state-court remedies. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**Motion to Appoint Counsel (Doc. 4)**

Also before the Court is Petitioner's motion to appoint counsel. (Doc. 4.) Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006)(quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

At this stage in the proceedings[3], the Court concludes that it is not in the interest of justice to appoint counsel. It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). Moreover, as explained above, this matter appears to be untimely and subject to dismissal for failure to exhaust state remedies. If this matter survives initial screening, Petitioner may refile his motion for appointment of counsel.

**IT IS THEREFORE ORDERED** that the motion to appoint counsel (Doc. 4) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Petitioner's motions to proceed in forma pauperis (Docs. 5 and 7) are **granted.**

**IT IS FURTHER ORDERED** that Petitioner is granted until and including April 28, 2022, in which to show cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation or, in the alternative, due to his failure to exhaust available state-court remedies.

**IT IS FURTHER ORDERED** that Shannon Meyer, Warden of Lansing Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

---

[3] If this action develops in a way that requires counsel to be appointed, the Court may do so at a later date. For example, if discovery is authorized in this matter, the Court may reconsider whether appointment of counsel is appropriate. *See* Rules Governing § 2254 Cases, Rule 6, 28 U.S.C.A. foll. § 2254. Similarly, if an evidentiary hearing is warranted, the Court may consider appointment of counsel. *See* Rules Governing § 2254 Cases, Rule 8, 28 U.S.C.A. foll. § 2254.

**IT IS SO ORDERED.**

DATED:  This 29th day of March, 2022, at Topeka, Kansas.


                                          S/ Sam A. Crow

                                          SAM A. CROW
                                          U.S. Senior District Judge