**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**WILLIAM R. WEBSTER,**

                    **Petitioner,**

     v.                                  CASE NO. 22-3034-SAC

**SHANNON MEYER,**

                    **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes before the Court on Petitioner's response to the Notice and Order to Show Cause issued March 29, 2022. For the reasons stated below, the Court will allow Petitioner an additional 15 days to respond to the NOSC, making any additional response due on or before May 13, 2022.

**Background**

In 2015, Petitioner was sentenced by a Kansas state district court to a prison term for trafficking contraband in a corrections institution and possession of marijuana. (Doc. 1, p. 1.) Petitioner filed his federal habeas petition on February 21, 2022. *Id.* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to undertake a preliminary review of the petition. After the Court did so, on March 29, 2022, it issued a notice and order to show cause (NOSC). (Doc. 8.)

The NOSC identified the one-year statute of limitations for federal habeas actions under § 2254 and explained how it is calculated, including provisions for equitable and statutory

tolling as well as the actual innocence exception to the limitation period. The NOSC applied these legal principles and concluded that this petition appears untimely. The Court therefore directed Petitioner to show cause why this matter should not be dismissed as time-barred, either by demonstrating an entitlement to equitable tolling of the limitation period or by establishing that the actual innocence exception to the limitation period applies.

The NOSC also noted that a state prisoner, such as Petitioner, generally must exhaust all available state-court remedies before pursuing federal habeas relief. Unless it appears that there is an absence of available state corrective process or circumstances exist that render that process ineffective to protect Petitioner's rights, Petitioner must have presented the issues now raised in his federal petition to the Kansas appellate courts and been denied relief. The NOSC explained that Petitioner's assertion in the petition that the illegality of his sentence excuses his failure to exhaust state is not supported by legal authority.

Applying these legal principles, the NOSC concluded that Petitioner has failed to satisfy the exhaustion requirement and federal courts generally dismiss unexhausted claims without prejudice so that the petitioner can return to state court and pursue available remedies. The Court therefore directed Petitioner to show cause why this matter should not be dismissed as for failure to exhaust available state-court remedies. Petitioner filed a response to the NOSC on April 6, 2022. (Doc. 9.)

**Discussion**

The Court has received and reviewed Petitioner's response and will address certain matters contained therein. The Court first

notes that Petitioner appears to assert that the motion to appoint counsel "(Doc. 4) has not been a motion that has been prepared or sent by [Petitioner] as there is the evidence to present as a lawyer is appointed to show complete innocence." (Doc. 9, p. 1.) It is unclear what, if any, action Petitioner wishes this Court to take regarding the motion to appoint counsel.

Second, the Court liberally construes pro se pleadings and applies less stringent standards to pro se documents than to those drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberally construing the response, as is proper because Petitioner is proceeding pro se, it appears that some clarification of the NOSC is necessary and a review of certain information in the petition is helpful.

In section 13 of the petition, which addresses exhaustion, Petitioner acknowledges that "[a]ll the grounds have not been presented as there is no appeal" and "all grounds [have] not been presented out of the illegality of the sentencing there has not been a[n] appeal." (Doc. 1, p. 11.) Regarding Grounds One and Four specifically, Petitioner further explains in the petition that he did not "exhaust [his] state remedies for there may be reason for the state remedies." *Id.* at 5, 10. With respect to timeliness, Petitioner argues in the petition that "[t]he one-year statute of limitations does not bar [his] petition out of the illegality of the sentencing, as the charge given for the Plea Agreement to have a signature were only given as a threat and confusion to sign." (Doc. 1, p. 13.)

Petitioner has attached to the response multiple documents, including an instruction sheet entitled "Petition for Relief From

a Conviction or Sentence By a Person in State Custody." (Doc. 9-1, p. 2.) Paragraphs 4 and 5 of the instructions read as follows:

> 4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.
> 5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

Liberally construing the response, it appears that Petitioner believes that by issuing the NOSC, the Court "suggest[ed] that [Petitioner's] claim given is a false claim [and] a false statement of a material fact." (Doc. 9, p. 2.) In the response, Petitioner also reminds the Court that the instruction sheet states that he did not need to cite law in the petition.

The Court assures Petitioner that the Court has not formed any conclusions regarding the truth or falsity of Petitioner's assertions. For purposes of the initial screening that resulted in the NOSC, the Court accepted all factual allegations in the petition as true. Similarly, the Court does not fault Petitioner for any lack of citation to law in the petition.

The NOSC serves three purposes: (1) to identify for Petitioner potential issues the Court saw when screening the complaint as required, (2) to set forth the relevant law, and (3) to give Petitioner the opportunity to inform the Court of any additional factual allegations and/or law related to the identified issues. In this case, those issues involved timeliness of the petition and

whether Petitioner exhausted the available state-court remedies.

When the Court liberally construes the response and considers the attached documents, it appears that Petitioner may believe that the Court is required to accept as true all of his assertions in the signed petition, including assertions that depend on the application of law to facts. For example, Petitioner argues in the petition that "[t]he one-year statute of limitations does not bar [his] petition out of the illegality of the sentencing, as the charge given for the Plea Agreement to have a signature were only given as a threat and confusion to sign." (Doc. 1, p. 13.) The assertions that Petitioner's sentence is illegal and his plea was coerced are factual assertions and, for the purposes of initial screening, the Court accepts them as true. But the argument that these factual assertions justify an exception to the statute of limitations calls for a legal conclusion, which the Court is not bound to agree with. And as the Court explained in the NOSC, it is not aware of any general exception to the statute of limitations that applies when a sentence is illegal or a plea has been coerced.

Petitioner was not required in the petition to cite law. But if he wishes to pursue his argument that an exception to the statute of limitations exists under the circumstances present in his case, he must include in the response legal authority that supports his position. Similarly, if there are additional facts Petitioner believes would show the Court that the statute of limitations in this matter should be equitably tolled or that the actual innocence exception to the statute of limitations should apply, Petitioner should include those facts in his response.

Similarly, if Petitioner wishes to pursue his argument that

his failure to exhaust state-court remedies does not require dismissal, he should include in his response facts that show (1) an absence of available state corrective process or (2) circumstances exist that render such process ineffective to protect the petitioner's rights. If Petitioner believes there is an additional reason why the exhaustion requirement does not apply in this matter, he must identify the legal basis for that exception and explain the facts that make it applicable in this matter.

To reiterate, the Court does not imply that Petitioner was less than truthful in the petition or that Petitioner erred by not citing additional law in the petition. Instead, the NOSC identifies areas about which the Court needs additional information from Petitioner—timeliness and exhaustion—and explains the legal framework applicable to those areas. If Petitioner knows of additional facts or law that he believes will affect the Court's conclusion that this matter is subject to and subject to dismissal for failure to exhaust state-court remedies, he should include them in his response to the NOSC.

**Conclusion**

Because it appears from the response that the foregoing clarification was required, the Court will extend Petitioner's time to reply to the NOSC. Petitioner will be granted until and including May 13, 2022, in which to file a response, in writing, showing why this matter should not be dismissed as untimely or due to Petitioner's failure to exhaust available state-court remedies.

**IT IS THEREFORE ORDERED** that Petitioner will be granted until and including May 13, 2022, in which to file a response to the

Notice and Order to Show Cause (Doc. 8) and explain why this matter should not be dismissed as untimely or due to Petitioner's failure to exhaust available state-court remedies.

**IT IS SO ORDERED.**

DATED:  This 8th day of April, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge