IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM R. WEBSTER,

                              Petitioner,

            v.                                    CASE NO. 22-3034-SAC

SHANNON MEYER,

                              Respondent.


MEMORANDUM AND ORDER


      This matter is before the Court on Petitioner's petition for writ of habeas corpus, which was filed on February 21, 2022. (Doc. 1.) Petitioner proceeds pro se and in forma pauperis. After undertaking a preliminary review of the petition, the Court issued a notice and order to show cause (NOSC) on March 29, 2022, explaining that this matter appeared to be subject to dismissal as untimely filed[1] and because Petitioner had not exhausted available state-court remedies[2]. (Doc. 8.) The NOSC directed Petitioner to show cause in writing on or before April 28, 2022 why this matter should not be dismissed as untimely or unexhausted. *Id.* at 8.

      Within a week, Petitioner filed a response to the NOSC, from which it appeared that Petitioner misconstrued the NOSC and believed that the Court was improperly rejecting certain assertions and arguments made in the petition. (Doc. 9.) On April 8, 2022, the

---

[1] Petitioner was sentenced on January 5, 2015. He did not pursue an appeal, so the one-year federal habeas statute of limitations began on approximately January 20, 2015, when the 14-day state direct appeal period expired. The federal habeas limitation period expired one year later, on January 20, 2016, and Petitioner did not file this matter until 2022.

[2] Petitioner conceded in the petition that he has not pursued state-court remedies. (Doc. 1, p. 11.)

Court issued a Memorandum and Order clarifying the NOSC and granting Petitioner until and including May 13, 2022, in which to file a substantive response to the NOSC. (Doc. 10.)

That deadline has passed and Petitioner has filed no response to the NOSC, nor has he filed any other documents in this matter. Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Fed R. Civ. P. 41(b). Based on Petitioner's failure to show cause why this matter should not be dismissed, the Court could dismiss this matter under Rule 41(b). Additionally, in the absence of a substantive response from Petitioner, the Court sees no reason to alter its earlier conclusion that this matter was untimely filed and the claims within are unexhausted, either of which could also form the basis for dismissal. (See Doc. 8.) Accordingly, the Court will dismiss this matter with prejudice as untimely.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling."
*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The failure to satisfy either prong requires the denial of a COA.
*Id.* at 485.

The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed with prejudice** as untimely. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 23rd day of May, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge