**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**WILLIAM R. WEBSTER,**

               **Petitioner,**

      v.                                             **CASE NO. 22-3034-SAC**

**SHANNON MEYER,**

               **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed on February 21, 2022 under 28 U.S.C. § 2254 by Petitioner William R. Webster, a prisoner in state custody. Petitioner proceeds pro se and in forma pauperis. The preliminary review required by Habeas Corpus Rule 4 revealed that Petitioner failed to exhaust available state-court remedies and he failed to file his federal habeas petition within the statutory limitation period. (See Doc. 8.) Thus, on March 29, 2022, the Court issued a Notice and Order to Show Cause (NOSC) directing Petitioner to show cause on or before April 28, 2022 why this action should not be dismissed as untimely and/or for failure to exhaust state court remedies. *Id.*

Petitioner promptly filed a response but seemed to misunderstand the NOSC, so on April 8, 2022, the Court issued a Memorandum and Order clarifying the NOSC and extending until May 13, 2022 the time for Petitioner to file a substantive response to the NOSC. (Doc. 10.) That deadline passed without Petitioner filing any further documents in this matter. Accordingly, on May 23, 2022, the Court dismissed this matter with prejudice as untimely filed.

(Doc. 11.)

On June 6, 2022, Petitioner filed two documents with this Court: a document with the heading "To-E-file NOSC – Honorable Judge" (Doc. 13) and a motion to appoint counsel (Doc. 14). Liberally construing the first document, as is appropriate since Petitioner proceeds pro se, the Court will treat it as a motion to reconsider the dismissal. Although Petitioner does not identify the authority under which he seeks reconsideration, the document appears to assert that the dismissal was in error.

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). The Court may grant a motion to amend judgment under Rule 59(e) only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000). Under Rule 60(b), the Court may order relief from a final judgment, but only in exceptional circumstances. See *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). A Rule 60(b) motion is "not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Nutter v.* Wefald, 885 F. Supp. 1445, 1450 (D. Kan. 1995).

Petitioner has not met the standard for reconsideration under either Rule 59 or 60. In total, Petitioner asserts:

> The Dis-missal for the right to Dismiss was harrassed a Grievance or the Grievance was wrote as prepared with the Correct Documentation.
> This Documentation in this E-file is the proof of reason for Dis-missal. Also the proof of reason for the Grievance and the (claim) of who was harrassed.
> I asked for relief from a conviction that has not been provided to me as a file. The Name of the file is (Inmate Data Summary) provided in E-file – provided by the Law Library. The Case No. is 14CR223PR and this is the Conviction For the Petitioner prepared the petition Against. (*sic*)

(Doc. 13.) The referenced "Inmate Data Summary" reflects Petitioner's name, KDOC number, and other admitting and institutional information. *Id.* It does not contain any information that appears to relate to the timeliness of Petitioner's federal habeas petition.

Petitioner has not presented previously unavailable evidence relevant to the Court's reason for dismissal, identified a intervening change in the controlling law, or established that this Court must reconsider the dismissal to correct clear error or prevent manifest injustice. Thus, whether considered under Rule 59(e) or Rule 60(b), Petitioner's request for reconsideration is unsuccessful. The Court maintains its earlier conclusions that this matter was untimely filed and that reasonable jurists would not debate that procedural ruling. Accordingly, the Court will deny the motion to reconsider.

Petitioner has also filed a motion for appointment of counsel. (Doc. 14.) As the Court has previously explained to Petitioner, he has no constitutional right to counsel in a federal habeas corpus action. (See Doc. 8, p. 7 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).) The Court may, in its discretion, appoint counsel if it "determines that the interest of justice so requires." 18

U.S.C. § 3006(a)(2)(B); *see also Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

The Court has considered the relevant factors and concludes that it is not in the interest of justice to appoint counsel in this matter. The matter has been dismissed with prejudice as untimely. Accordingly, the motion to appoint counsel will be denied.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Petitioner's motion for reconsideration (Doc. 13) and his motion to appoint counsel (Doc. 14) are **denied.**

**IT IS SO ORDERED.**

DATED:  This 9th day of June, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge